IN THE UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF PRIORITY MAIL PARCEL BEARING TRACKING NUMBER  9505 5163 2856 6156 3793 29 CURRENTLY LOCATED AT 231 GOVERNMENT AVENUE SOUTHWEST, HICKORY, NC 28602 | Case No.  3:26-mj-116 |

## AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

The undersigned, being duly sworn, deposes and states:

1.      I, Garry Hood, am a United States Postal Inspector currently assigned to the Charlotte, North Carolina Field Office.  I have been so employed since May 2012.  I am currently assigned to the Contraband Interdiction and Investigations ("CI2") team.  I am responsible for investigations involving the illegal use of the U.S. mail in the trafficking of illegal narcotics, controlled substances, or proceeds derived from the sale of controlled substances, in violation of Title 21, United States Code, Sections 841 and 846.  These investigations involve the mailing of fentanyl, methamphetamine, MDMA, marijuana, cocaine, and other controlled and non-controlled prescription narcotics. These investigations also involve the mailing of U.S. currency as payment for controlled substances and illegal narcotics sent illegally through the U.S. mails, or as payment for such shipments.

2.      This Affidavit is made in support of an Application for a Search Warrant for a Priority Mail parcel bearing United States Postal Service (USPS) tracking 9505 5163 2856 6156 3793 29 (hereafter, the "SUSPECT PARCEL"). As explained below, there is probable cause to believe that the SUSPECT PARCEL contains evidence, fruits, and instrumentalities of narcotics trafficking in violation of 21 U.S.C. §§ 841 and 846. The facts below are based on my investigation

and information provided to me by others. I have only included those facts that are necessary to establish probable cause for the warrant.

## FACTS IN SUPPORT OF PROBABLE CAUSE

3.     The SUSPECT PARCEL is described as follows:

   a.  Addressed to: "S McCabe, 169 Riverview Drive, Rutherfordton, NC 28139".

   b.  From: "D. Armstrong, 4243 Landis Drive, California City, CA 93505".

   c.  Size: 11.25" by 8.75" by 6".

   d.  Weight: Approximately 3 pounds 5.4 ounces.

   e.  Postage affixed: $9.45.

   f.  Physical description: a white USPS Priority Medium Flat Rate Box displaying a Priority Mail Label bearing USPS tracking number 9505 5163 2856 6156 3793 29.

4.     On June 5, 2026, the SUSPECT PARCEL entered the mail stream in Mojave, California. The SUSPECT PARCEL was addressed to "S McCabe, 169 Riverview Drive, Rutherfordton, NC 28139."

5.     On June 8, 2026, I attempted to verify the information provided on the SUSPECT PARCEL label by using law enforcement databases. I was able to determine that the sender's name is not and never has been associated with the return address. 4243 Landis Drive appears to be nothing more than an empty lot at an intersection. I also determined the recipient's name is associated with the recipient's address as Sherri A. McCabe.

6.     I am aware, through my training and experience, that people who utilize the U.S. Mail to distribute controlled substances and their proceeds commonly use fictitious names and addresses to avoid detection by law enforcement agencies. I am also aware, through training and experience, that California is a known source area for narcotics.

2

7. I am aware, also through my training and experience, that people often use the U.S. Mail, specifically Express and Priority Mail, for the delivery of controlled substances and proceeds for various reasons, some of which are listed below:

   a. Items sent via Express and Priority Mail are considered to be First-Class Mail. Therefore, these items cannot be examined without a federal search warrant.

   b. Express and Priority Mail are generally expected to be delivered in one to three days. This assures the sender of expedited delivery.

   c. Various dispatch times (times which a mailed item is transported to the next destination) are available to customers upon request and provide the sender an opportunity to have some control as to the arrival of the mailed item.

   d. Individuals desiring to either send or receive controlled substances and payments for these substances through the U.S. Mail can do so without having to provide identification. This reduces the possibility of revealing their true identity.

8. In my training and experience, cash used to purchase controlled substances is usually kept within close proximity of the controlled substances themselves. As such, it is common for residue from the controlled substances to be found on the cash, providing an odor detectable to trained K-9s.

9. On June 7, 2026, the SUSPECT PARCEL arrived at the Charlotte Regional Processing and Distribution Center located in Gastonia, North Carolina.

10. On June 8, 2026, Inspectors obtained the SUSPECT PARCEL at the Charlotte Regional Processing and Distribution Center and transported it to the United States Postal Inspection Service office in Hickory, North Carolina.

11. On June 8, 2026, Postal Inspectors contacted Deputy Jesse Cavender of the

3

Catawba County Sheriff's Office ("CCSO") for further investigation. Deputy Jesse Cavender responded to the United States Postal Inspection Service, located in Hickory with drug detecting K-9 "Nova."

12. The SUSPECT PARCEL was placed into a lineup. The SUSPECT PARCEL was placed with four separate but similar control parcels at the United States Postal Inspection Service in Hickory. A Postal Inspector observed as K-9 "Nova" walked among the parcels. K-9 "Nova" alerted to the odor of narcotics emanating from the SUSPECT PARCEL. The examination took place at 10:05 a.m. on June 8, 2026.

13. K9 "Nova is specifically trained to detect narcotic odors, which includes cocaine, methamphetamine, ecstasy (MDMA), fentanyl, heroin and opiate derivatives. K9 Nova and Deputy Jesse Cavender were certified in September 2025 by the International Police Working Dog Association (IPWDA) during K9 odor trials. K9 Nova and Deputy Jesse Cavender train to ensure she is proficient in detection of the narcotic odors she has been certified on. During the last 10 months, K9 "Nova" has been allowed to sniff a large number of building interiors, vehicles, packages, parcels, and suitcases. When K9 "Nova" has alerted to the odor of narcotics on any of these items, narcotics and/or illicit proceeds of controlled substance sales have been present in an overwhelming majority of cases.

**CONCLUSION**

14. Based on the above facts, probable cause exists to believe that the SUSPECT PARCEL contains evidence of a crime, contraband, fruits, or other items illegally possessed, or property designed for use, intended for use, or used in committing a crime, in violation of 21 U.S.C. § 841 (possession with intent to distribute a controlled substance). As such, I respectfully request that the Court issue the requested Search Warrant for the SUSPECT PARCEL.

4

Respectfully,

*Garry Hood*

Garry Hood, US Postal Inspector
U.S. Postal Inspection Service

*This Affidavit reviewed by SAUSA Will Wiseman*

SWORN to before me and SIGNED in my presence.

Honorable David C. Keesler

United States Magistrate Judge

5

# ATTACHMENT A

## Items to be Searched

The item to be searched is depicted below and is a United States Postal Service Priority Mail Parcel bearing tracking number 9505 5163 2856 6156 3793 29. The parcel is further described as a white Priority Mail Medium Flat Rate Box, bearing the return address "D. Armstrong, 4243 Landis Drive, California City, CA 93505", and addressed to "S McCabe, 169 Riverview Drive, Rutherfordton, NC 28139." The parcel measures approximately 11.25" by 8.75" by 6".



# ATTACHMENT B

## Items to be Seized

The items to be seized consist of evidence, fruits, and instrumentalities of violations of Title 21, United States Code, §§ 841 and 846 (possession with intent to distribute a controlled substance and conspiracy to commit the same), including:

1. Controlled substances, drug paraphernalia, and associated packaging;

2. Proceeds of controlled substance purchases or sales, to include currency, money orders, bank checks, and monetary instruments;

3. Transaction records regarding the purchase, sale, or transfer of controlled substances, to include receipts, bills of sale, and other indicia of purchase/sale;

4. Indicia of who sent the parcel; and

5. Indicia of the intended recipient of the parcel.